Aponte et al., Demandantes y Apelantes, *v.* Verdiales, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Humacao en causa sobre división de comunidad y entrega de bienes hereditarios con usufructo.

No. 1389.—Resuelto en julio 18, 1916.

Comunidad de Bienes—Bienes en Comunidad—Jurisdicción—Conflicto de Derecho—Deber del Juez Sentenciador.—Cuando resulta de las alegaciones y las pruebas que tres personas distintas tienen derecho al dominio de una sola finca rústica; que la porción ideal de cada una de esas personas es perfec-

tamente conocida; que en la realidad, sobre el terreno, jamás han sido fijadas, deslindadas o individualizadas dichas participaciones, y que dos de las personas indicadas están enteramente conformes en que cese el estado de indeterminación material fija y concreta de sus derechos sin que hubieren podido llegar a un acuerdo con la otra, la corte debe resolver el conflicto así planteado y no dilatar su actuación definitiva porque no pueda calificarse con toda precisión la clase de acción ejercitada.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. Scoville & Kelley.*

El apelado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Las demandantes, las hermanas Gertrudis y Francisca Aponte, expresando que su demanda versa sobre división de propiedad y entrega de bienes hereditarios, alegan en ella que son dueñas, a título de herencia, de cierta finca rústica, de nueve cuerdas, radicada en el barrio de Florida, de la isla de Vieques; que una de ellas, Gertrudis, vendió al demandado José Eustaquio Verdiales una cuerda y un cuarto de otra para ser entregadas cuando se hiciera la división de la finca entre las demandantes; que el demandado desde 1906 tomó posesión indebida e ilegalmente de la totalidad de la finca con excepción de una cuerda que estaba ocupada por la demandante Gertrudis; que el valor de la finca que indebidamente posee el demandado es el de $700 y el valor en arrendamiento de cada cuerda $10 anuales, y que a la demandante Gertrudis corresponden tres cuerdas y un cuarto de otra, a la otra demandante Francisca cuatro cuerdas y media y al demandado una cuerda y un cuarto. Y basándose en tales alegaciones, las demandantes pidieron a la corte que condenara al demandado a practicar la división de la finca y a entregar a las demandantes sus participaciones en la misma, con más lo que hubieran producido las tierras ocupadas arrendadas, y las costas, gastos y honorarios de abogado.

El demandado contestó la demanda negando todas y cada una de sus alegaciones.

Celebrado el juicio, la corte de distrito declaró probado que las demandantes son herederas de su finado padre José Manuel Aponte, muerto el 12 de noviembre de 1905; que Aponte era el dueño de la finca que se describe en la demanda, y que el demandado tomó posesión ilegalmente de dicha finca con excepción de una cuerda que ocupaba la demandante Gertrudis Aponte.

Esto no obstante, estimando la corte que la acción ejercitada por las demandantes parecía basarse en el artículo 407 del Código Civil, opinó que era improcedente porque:

"Para que pueda establecerse con éxito la acción *communi dividundo,* es requisito indispensable ¡que se hallen todos los litigantes en posesión indivisa y común de la heredad, siendo imposible el ejercicio de tal acción, cuando cualquiera de los condueños se encuentra en el disfrute exclusivo de la cosa¹ común o de cualquiera¡ parte de ella.

"Y según las alegaciones de la demanda, Gertrudis Aponte, una de las demandantes, está en posesión de una cuerda de la finca en litigio, mientras Eustaquio Verdiales, el demandado, disfruta de ocho cuerdas o sea la mayor parte de la heredad. De suerte que no solamente no están los distintos condueños en posesión de la finca reseñada en común y proindiviso, sino que aparece por el contrario, que el demandado obtuvo una cuerda y un cuarto de otra, mediante un contrato de compraventa. De donde resulta, que el demandado es dueño de una porción determinada de la finca, más no de un condominio; y que una de las demandantes, Gertrudis Aponte, es dueña asimismo de otra cantidad determinada de la finca, quedando demostrado así que no existe comunidad de derechos."

La sentencia se dictó sin perjuicio de cualquier otra acción que pudieran ejercitar las demandantes y contra ella se interpuso el presente recurso de apelación.

Antes de entrar en el estudio y resolución de las cuestiones envueltas en este recurso, deseamos consignar que la prueba practicada en el acto de la vista demostró, además, que las demandantes Gertrudis y Francisca Aponte arrendaron, respectivamente, al demandado, una cuerda y dos cuerdas y media, constando por escrito el arrendamiento de las dos cuerdas y media a razón de quince pesos anuales por

cada cuerda y por término de ocho años. Ambos arrenda-
mientos se verificaron después de interpuesta la demanda
que lleva fecha 22 de diciembre de 1911. La sentencia ape-
lada se dictó el 11 de noviembre de 1914.

¿Qué acción se ejercita en realidad de verdad en este
caso? La corte sentenciadora la calificó de acción *communi
dividundo* o sea "la que compete directamente por razón
del dominio a cada uno de los dueños de la cosa común, con-
tra los demás condueños, para obligarles a la partición y
adjudicación, entregando a cada partícipe lo que corres-
ponda." Véase la Enciclopedia Jurídica Española, tomo 1,
p. 446.

La parte apelante está conforme con la calificación de
la corte sentenciadora, pero no con las consecuencias que
deriva de ella. "Nosotros," dicen los apelantes en su ale-
gato, página 6, "no necesitamos reivindicar, esto es, esta-
blecer la acción genérica reivindicatoria. Ejercitamos la de
división de comunidad contra el comunero que prescinde de
derechos sagrados ajenos, y dentro de esa acción, como con-
secuencia, la de entrega de participación que es una reivin-
dicación específica creada por la ley."

A nuestro juicio no están desprovistas del todo de razón
las apelantes. Si bien no es el presentado por ellas el caso
típico de una comunidad de bienes, no puede negarse que
resulta probado que tres personas distintas tienen derecho
al dominio de una sola finca rústica; que la porción ideal
de cada una de esas personas es perfectamente conocida,
a saber: en una totalidad de nueve cuerdas, cuatro y media
corresponden a una, tres y cuarto a otra y a la restante una
y cuarto; que en la realidad, sobre el terreno, jamás han
sido fijadas, deslindadas o individualizadas dichas participa-
ciones, y que dos de las personas indicadas están entera-
mente conformes en que cese el estado de indeterminación
material fija y concreta de sus derechos y no habiendo podido
llegar a un acuerdo con la otra, acuden a los tribunales y
prueban la verdad de sus alegaciones.

El conflicto es evidente. La corte tiene ante sí todos los datos necesarios para resolverlo en justicia. Ha adquirido jurisdicción sobre todas las partes interesadas y a nuestro juicio no debe dilatar su actuación definitiva porque no pueda calificarse con toda precisión la clase de acción ejercitada por las demandantes.

En cuanto a la reclamación por el producto de las tierras que se hace en la demanda, diremos que se probó en el juicio que una cuerda de terreno de la clase de las que forman la finca de que se trata en este pleito produce en arrendamiento de diez a veinte pesos anuales. El mismo demandado arrendó dos y media a una de las demandantes a razón de quince pesos anuales por cuerda. Sin embargo la demanda sólo fija diez pesos. Y se probó además que el demandado ocupó por lo menos desde la fecha alegada en la demanda, o sea desde julio de 1906, ocho cuerdas, de las cuales seis y tres cuartos lo fueron sin derecho alguno hasta la fecha de la interposición de la demanda, diciembre 1911. Después de la interposición de la demanda, sin que conste con exactitud la fecha, el demandado arrendó una cuerda a la demandante Gertrudis y dos y media a la demandante Francisca, de suerte que la ocupación ilegal se redujo a una cuerda y cuarto en cuanto a la demandante Gertrudis y a dos en cuanto a la demandante Francisca. Calculado el producto a diez pesos la cuerda, dos cuerdas y cuarto durante cinco años y medio producirían $123.75 y cuatro y media $247.50, viniendo en tal virtud obligado el demandado a pagar a la demandante Gertrudis Aponte $123.75 y el producto de una cuerda y cuarto calculado a razón de diez pesos por cuerda desde enero de 1912 hasta la fecha en que se ejecute la sentencia y a pagar de igual modo a la otra demandante Francisca Aponte la suma de $247.50 y el producto de dos cuerdas de terreno calculado a diez pesos al año por cada cuerda desde enero de 1912 hasta la fecha en que se ejecute la sentencia.

Por virtud de todo lo expuesto opinamos que debe decla-

rarse con lugar el recurso y revocarse la sentencia recurrida
dictándose otra por la cual se ordene al demandado que prac-
tique o consienta en su caso que se practique la división de
la finca de nueve cuerdas de que se trata, en la siguiente
forma: cuatro y media para Francisca Aponte, tres y cuarto
para Gertrudis Aponte y una y cuarto para el propio deman-
dado José Eustaquio Verdiales; que entregue o que consienta
en su caso que se entreguen sus participaciones a las deman-
dantes y que les pague las sumas indicadas, con más las cos-
tas, gastos y honorarios de abogado.  Se concederá a las
partes un término de diez días para que practiquen de común
acuerdo la división material de la finca, y si así no lo hicie-
ren, entonces que procedan a pedir a la corte de distrito
el nombramiento de un partidor, debiendo seguirse en la
partición las disposiciones del Código Civil referentes a la
comunidad de bienes, las del mismo código concernientes
a la división de la herencia y las correlativas de la ley de
procedimientos legales especiales que sean pertinentes.

> *Revocada la sentencia apelada y dictada otra*
> *ordenando la división material de la finca*
> *de que se trata y entrega de las participa-*
> *ciones, con costas, gastos y honorarios de*
> *abogado.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, Aldrey y Hutchison.